IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03644-CNS-STV

STEVEN FARABAUGH, an individual,

    Plaintiff,

v.

ISLE, INC., a Delaware corporation,
ISLE UTILITIES LTD., a foreign entity,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff Steven Farabaugh's Objection to Minute Order (ECF No. 109) of United States Magistrate Judge on Plaintiff's Motion for Sanctions Pursuant to D.C.COLO.LCivR 30.3 and Fed. R. Civ. P. 30(d)(2) for Abusive Deposition Conduct (ECF No. 116). For the following reasons, the Court OVERRULES Plaintiff's Objection and AFFIRMS and ADOPTS the Magistrate Judge's Order.

### I. BACKGROUND

This action centers around allegations that Mr. Farabaugh's former employer(s)[1] subjected him to national origin harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act.

---

[1] At issue in this litigation—and central to Mr. Farabaugh's underlying motion for sanctions—is the identity of Mr. Farabaugh's employing entities for purposes of his Title

1

On August 9, 2023, Mr. Farabaugh's counsel traveled to London, United Kingdom, to conduct the deposition of Katherine Easter—the Global Human Resources Director for Isle Utilities who investigated Mr. Farabaugh's allegations of discrimination[2] (*see* ECF No. 116, ¶ 4). Mr. Farabaugh alleges that during Ms. Easter's deposition, defense counsel made several speaking objections and, during those objections, defense counsel misrepresented evidence in a manner intended to coach Ms. Easter's testimony (*see id.* at 5). Mr. Farabaugh points to several such colloquies, including:

> [BY MS. VANLANDSCHOOT:]
> Q. And so did you conclude that Mr. Jacks was unacceptably intoxicated when he was tackling employees?
>
> **MR. CAMPBELL: I'm gonna object to the question mischaracterizing the evidence. I don't know that there's been evidence that Mr. Jacks tackled employees. I think the evidence shows he tackled Mr. Farabaugh. But you can answer.**
>
> [THE WITNESS:]
> A. When he disclosed later his medical information there was a question in my mind about whether he was more intoxicated than we had -- you know, the people around him realized.

---

VII claims. Mr. Farabaugh has asserted that "Isle Utilities" was his employer, while Defendants repeatedly have claimed that there is no such entity (*see* ECF No. 116, ¶ 2).

[2] In his underlying motion for deposition sanctions, Mr. Farabaugh also asserted that defense counsel had improperly interrupted and objected during the deposition of Cristina Ahmadpour on July 23, 2023 (*see* ECF No. 99 at 6–10; *see also* ECF No. 116, ¶ 3). In the instant objection to the Magistrate Judge's Order declining to impose sanctions, however, Mr. Farabaugh challenges only speaking objections made during Ms. Easter's deposition (*see* ECF No. 116 at 5–8). The Court therefore considers Mr. Farabaugh's earlier arguments regarding defense counsel's conduct during Ms. Ahmadpour's deposition to be abandoned.

(ECF No. 99-5 at 88:22–89:7). Mr. Farabaugh argues that this objection was improper because there was, in fact, evidence in the record that other employees had complained about Mr. Jacks "tackling" them (*see* ECF No. 116 at 6; *see also* ECF No. 102-2 at 247:1–20).

Defense counsel made another speaking objection as follows:

> [BY MS. VANLANDSCHOOT:]
> Q. You did investigate the discrimination allegations that Mr. Farabaugh made in his witness statement?
>
> A. Can you show me the allegations specifically and I'll show you where –
>
> Q. Do you recall them?
>
> **MR. CAMPBELL: I object to the question because it mischaracterizes the evidence that Mr. Farabaugh made in the national origin discrimination claim. I don't think he used those words.**
>
> [THE WITNESS:]
> A. No. I just want you to show me in his witness statement where he alleged a national origin discrimination claim.

(ECF No. 99-5 at 99:24–100:11). Mr. Farabaugh argues that this objection was improper because defense counsel had unnecessarily (and factually incorrectly) opined about the contents of Mr. Farabaugh's witness statement (*see* ECF No. 116 at 6–7).

Defense counsel made a third speaking objection as follows:

> [BY MS. VANLANDSCHOOT:]
> Q. Did you investigate whether Mr. Jacks inappropriately touched any other employees other than the three U.S. employees that he inappropriately touched which would be Ms. Ahmadpour, Brittany Burch and Steven Farabaugh?
>
> **MR. CAMPBELL: I'm going to object to the question because it assumes facts not in evidence, and that is that**

3

> **Mr. Thomas Jacks inappropriately touched other employees. You can answer.**

(ECF No. 99-5 at 102:5–13). Among other reasons given, Mr. Farabaugh argues that this objection was improper because plaintiff's counsel's question did not assume facts not in evidence—rather, it had merely asked whether Ms. Easter investigated whether Mr. Jacks had touched others inappropriately (*see* ECF No. 116 at 7).

On October 4, 2023, Mr. Farabaugh moved for sanctions against defense counsel for its conduct during Ms. Easter's deposition, requesting that the Court order "Defendants to pay Plaintiff's "attorneys' fees, costs, and expenses associated with taking Ms. Easter's deposition," and further asking the Court to "prohibit Defendants from asserting or arguing that Isle Utilities, Ltd. is not Plaintiff's joint employer with Isle, Inc. for purposes of Title VII jurisdiction and thresholds" (ECF No. 99 at 14–15). United States Magistrate Judge Scott T. Varholak set an expedited briefing schedule on the motion, and he held a motion hearing on November 9, 2023.

Following argument from the parties, the Magistrate Judge denied Mr. Farabaugh's motion for sanctions (*see* ECF No. 109). The Magistrate Judge's minute entry from the motion hearing reasoned as follows:

> The court knows that there are more depositions to be conducted and therefore cautions defense counsel, that in the future if he gets an answer that he does not like, he should not attempt to fix it. The court does not want to see future speaking objections like the one in question, in the future. If future speaking objections do occur, like the one in question, the court will be more inclined to consider sanctions.

(*Id.*). The instant objection to the Magistrate Judge's ruling timely followed. In it, Mr. Farabaugh alleges that the Magistrate Judge ruled contrary to law in (1) failing to find that

4

the above speaking objections were clear violations of Local Rule 30.3, and (2) failing to impose sanctions pursuant to that rule (*see* ECF No. 116 at 5–9).

## II. STANDARD OF REVIEW AND LEGAL STANDARD

### A. Rule 72(a)

When a magistrate judge issues an order on a non-dispositive pretrial matter, a "party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The clearly erroneous standard requires that the reviewing court affirm unless, after reviewing the entire evidence, the court "is left with the firm and definite conviction that a mistake has been committed." *Chafin v. Stasi*, No. 13-cv-02662-WYD-MEH, 2014 WL 4627447, at *2 (D. Colo. Sept. 16, 2014) (citation omitted).

### B. Rule 30(d)(2) and D.C.COLO.CivR 30.3(d)

Local Rule 30.3 provides that "the following practices constitute abusive deposition conduct and are prohibited: (1) making an objection or a statement that has the effect of coaching the deponent or suggesting an answer; and (2) interrupting examination by counsel except to determine whether to assert a privilege." D.C.COLO.LCivR 30.3(a). If a court determines that a party or its counsel has excessively interrupted or objected during a deposition, "that party or its counsel, or both, may be ordered to pay each other party's expenses . . . for that portion of the deposition determined to be excessive." D.C.COLO.LCivR 30.3(d). "In addition, that party or its counsel, or both, may be required

to pay all such costs and expenses for any additional depositions or hearings made necessary by its misconduct." *Id.*

Similarly, under Federal Rule of Civil Procedure 30, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent" during a deposition. Fed. R. Civ. P. 30(d)(2). The imposition of sanctions under this rule requires the movant to

> identify language or behavior that impeded, delayed, or frustrated the fair examination of the deponent. *See* Fed. R. Civ. P. 30(d)(2). When making this inquiry, the court will look to: (1) the specific language used (e.g., use of offensive words or inappropriate tones); the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition. Second, the movant must identify "an appropriate sanction." *Id.*

*Carroll Allstate Fire & Cas. Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2014 WL 859238, at *8 (D. Colo. Mar. 4, 2014) (quoting *Dunn v. Wal-Mart Stores, Inc.*, No. 2:12-cv-01660-GMN-VCF, 2013 WL 5940099, at *5 (D. Nev. Nov. 1, 2013)).

Under either rule, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *See id.* at *8 (quoting *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).

### III.  ANALYSIS

For substantially the reasons set forth by Defendants in their response to Mr. Farabaugh's objection (*see* ECF No. 122 at 7–10), the Court perceives no clear error on the part of the Magistrate Judge in declining to impose sanctions.

6

In particular, assuming *arguendo* that the speaking objections Mr. Farabaugh identifies clearly amounted to abusive deposition conduct under Local Rule 30.3 or Federal Rule of Civil Procedure 30(d)(2), it does not follow that the Magistrate Judge was *required* to sanction Defendants for this conduct. Rather, these rules and the relevant case law make clear that the imposition of sanctions is within the court's sound discretion. *See* Fed. R. Civ. P. 30(d)(2) ("The court *may* impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent.") (emphasis added); D.C.COLO.LCivR 30.3(d) (a party or counsel "*may be ordered*" to pay the other party's expenses resulting from the offending party's abusive deposition conduct) (emphasis added); *Nebeker v. Nat'l Auto Plaza*, 643 F. App'x 817, 826 (10th Cir. 2016) ("The district court has discretion to impose appropriate sanctions" under Rule 30(d)(2), "but the district court in no way is obligated to do so."); *Oldershaw v. Davita Healthcare Partners, Inc.*, No. 15-cv-01964-MSK-NYW, 2018 WL 3329550, at *2, n.1 (D. Colo. July 6, 2018) ("The language of Rule 30(d)(2) is discretionary, i.e., it uses the term "may" instead of "must."). In light of these authorities, the Court concludes that there is nothing in Mr. Farabaugh's objection nor in the record demonstrating that the Magistrate Judge abused his discretion or otherwise ruled in a manner contrary to law in declining to sanction Defendants.

## IV.  CONCLUSION

Consistent with the foregoing analysis, the Court OVERRULES Plaintiff's Objection (ECF No. 116), and it AFFIRMS and ADOPTS the Magistrate Judge's Order (ECF No. 109).

DATED this 19th day of January 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

8