IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03644-CNS-STV

STEVEN FARABAUGH,

    Plaintiff,

v.

ISLE, INC.; and
ISLE UTILITIES, LTD.,

    Defendants.

---

## ORDER

---

This matter comes before the Court on United States Magistrate Judge Scott T. Varholak's Recommendation to deny Plaintiff's Motion for Leave to Conform Plaintiff's Third Amended Complaint. ECF No. 130. Plaintiff objected to the Recommendation, ECF No. 133, and Defendants responded, ECF No. 136. As set forth below, the Court overrules Plaintiff's objection and AFFIRMS and ADOPTS the Recommendation.

### I.    FACTUAL BACKGROUND

Plaintiff Steven Farabaugh brought this action on December 11, 2020, against Isle, Inc.; Isle Group; Isle Group, UK; and Isle Utilities. ECF No. 1 at 1 (collectively referring to these entities as Isle or Defendants). He alleged that Defendants engaged in harassment, discrimination, and retaliation in violation of both federal and Colorado state law. *Id.*, ¶¶ 64–83.

Plaintiff began working for Isle on March 29, 2017, as a Senior Consultant. *Id.*, ¶ 12. Of relevance to his discrimination allegations, Plaintiff was born in the United States, and Isle is a company based in the United Kingdom. *Id.*, ¶¶ 9–10. Isle provides consultancy services to water utilities around the world and employs a global team of more than 80 engineers and scientists. *Id.*, ¶ 10. As a licensed Professional Engineer, Plaintiff was part of that global team. *Id.*, ¶ 11.

Plaintiff was a remote employee, performing most of his work for Isle from his home in Denver, Colorado. *Id.*, ¶ 16. His direct supervisor, Cristina Ahmadpour, was born in the United States and is based in California. *Id.*, ¶ 14. However, Plaintiff's human resources contact, Katherine Easter, is "from the U.K."[1] *Id.*, ¶ 18.

From October 9 to 11, 2018, Plaintiff attended a retreat for senior managers in Scotland with Isle employees from other Isle subsidiaries. *Id.*, ¶ 21. During the retreat, Plaintiff alleges that Piers Clark—Isle Group's Founder and Chairperson—referred to him as a "terrorist." *Id.*, ¶¶ 13, 22. Plaintiff also alleges that Clark engaged in lewd behavior toward Ahmadpour during a retreat dinner. *Id.*, ¶¶ 23–24. After that same dinner, Plaintiff then alleges that Thomas Jacks, an employee of Isle based in the U.K, engaged in similar lewd behavior with Ahmadpour. *Id.*, ¶¶ 25–26. Plaintiff goes on to allege that Jacks made insulting comments toward him and "assaulted" him by "tackling him from behind" after the retreat dinner. *Id.,* ¶¶ 27, 32. Jacks allegedly "tackled" another U.S.-born Isle employee on the same walk back to the hotel following dinner. *Id.*, ¶ 31. Plaintiff alleges

---

[1] Plaintiff does not clarify in his Complaint where Easter was born or where she is based.

that he felt that these assaults and verbal remarks were directed only at the American employees. *Id.*, ¶¶ 33, 38.

Plaintiff reported these incidents to Jacks, Easter (Isle's Global HR Director), and Ahmadpour (his direct supervisor and Isle's President and Managing Director for the Americas)—both informally and formally, including a Victim Incident Statement which he submitted on October 25, 2018. *Id.*, ¶¶ 14, 18, 37–39, 42. Plaintiff specifically reported that he felt Jacks "targeted him because he is from the US." *Id.*, ¶ 38.

Jacks, Easter, and Ahmadpour responded that Plaintiff did not understand the nature of the events, taking the position that they were "playful" and representative of "cultural differences" between the U.S. and U.K. employees. *Id.*, ¶¶ 40, 47. Easter, who investigated the events and provided her findings to Plaintiff, made similar findings. *Id.*, ¶ 43. Easter confirmed that Clark called Plaintiff a terrorist, but her investigation determined that Clark said Plaintiff was an "internal terrorist." *Id.*, ¶ 44.

Plaintiff alleges that no disciplinary action was taken against Clark or Jacks for their conduct during the retreat. *Id.*, ¶ 48. Instead, a month after the retreat, Ahmadpour completed Plaintiff's performance review. *Id.*, ¶ 51. Plaintiff alleges that the review was "inaccurate," "unfair," and "retaliatory," but he does not provide any details of the review or otherwise allege *how* it was inaccurate, unfair, and retaliatory. *Id.*

Then, in January 2019, Plaintiff was assigned to a project team that included Jacks. *Id.*, ¶ 52. Plaintiff complained to management, telling the managers that he did not feel it was fair for Isle to expect him to continue working with Jacks after his experience at the retreat. *Id.*, ¶ 53. Isle listened and removed Plaintiff from the project. *Id.*, ¶ 54. "This

3

decision by Isle management left Mr. Farabaugh with less work and, as a result, fewer billable hours." *Id.*, ¶ 55. He alleges this work was never replaced in his "portfolio," leaving him unable to meet his production goals. *Id.*, ¶ 56. Moreover, in the summer of 2019, Plaintiff alleges that Isle hired a consultant with significantly less experience than him and began funneling work to her, further stunting his ability to reach his metrics. *Id.*, ¶ 59.[2]

Plaintiff alleges that he met with Ahmadpour once a month to discuss his work. *Id.*, ¶ 60. During these meetings, Plaintiff reported to her about his continuous injuries from the assault. *Id.*, ¶ 61. In June 2019, Ahmadpour asked Plaintiff how he could "move past" the incident. *Id.*, ¶ 62. Plaintiff told her that he could not move on until Isle accepted responsibility for what had happened and guaranteed that none of the actions, including being targeted for being an American, would happen again. *Id.* On July 8, 2019, Plaintiff alleges that Isle terminated him due in part to his inability to "get past" the events at the retreat and his failure to meet the production metrics. *Id.*, ¶¶ 20, 63. Thereafter, Plaintiff brought a complaint against Defendants for harassment, discrimination, and retaliation.

## II.   PROCEDURAL BACKGROUND

This case is three and a half years old.[3] On December 11, 2020, Plaintiff filed his initial Complaint. ECF No. 1. Defendant Isle, Inc. filed a motion to dismiss Plaintiff's Title VII claims for lack of subject matter jurisdiction, failure to exhaust administrative remedies,

---

[2] Plaintiff does not specify when, in the summer of 2019, Isle hired the less-experienced consultant and began funneling her work, but he alleged that Isle terminated him on July 8, 2019. ECF No. 1, ¶ 63.

[3] Despite the Court's ultimate decision on this motion, it notes that the majority of the briefing pertains to who was Plaintiff's employer. That issue would have been avoided had Defendants complied with the mandatory disclosure requirements of Federal Rule of Civil Procedure 7.1(a)(1). The cavalier attitude with which Defendants downplay their failure to follow Rule 7.1 is disappointing to say the least. Counsel is on notice that future failures in other cases will be swiftly addressed and sanctioned as appropriate.

and failure to state a claim. ECF No. 17. Instead of responding to the motion to dismiss, Plaintiff sought to amend his Complaint to cure the deficiencies identified in the motion to dismiss. ECF No. 18. The Court granted that request, and Plaintiff filed his First Amended Complaint (FAC) on March 25, 2021. ECF No. 24.

In his FAC, Plaintiff alleged the same claims for relief, but this time, Plaintiff named Isle, Inc., Isle Group Ltd., Isle Group, UK,[4] and Isle Utilities Ltd. as Defendants. *Id.*, ¶¶ 2–3. Isle, Inc. again moved to the dismiss the Title VII claims for the same reasons. ECF No. 33. Isle Group, Ltd. and Isle Utilities, Ltd. likewise moved to dismiss the Title VII and Colorado Anti-Discrimination Act (CADA) claims for failure to exhaust administrative remedies and failure to state a claim. ECF No. 46. Plaintiff voluntarily dismissed the fourth Defendant, Isle Group, UK. ECF No. 41. Judge Rodriguez granted Defendants' motions to dismiss with leave to amend. ECF No. 66.[5]

Plaintiff then filed his Second Amended Complaint (SAC), alleging the same claims for relief against Isle, Inc., Isle Group, Ltd., and Isle Utilities Ltd. ECF No. 68. All three Defendants filed a single motion to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim. ECF No. 70. Upon referral from Judge Rodriguez, Magistrate Judge Varholak recommended granting the motion to dismiss in part. ECF No. 82. Magistrate Judge Varholak found that Plaintiff had plausibly alleged that Isle, Inc. qualified

---

[4] That Plaintiff named Isle Group, UK was understandable given the employer's responses to Plaintiff's EEOC charge, which stated that Isle Group, UK was Isle Inc.'s parent company. ECF No. 17-1 at 1 n.1. That representation was subsequently and repeatedly corrected by Defendants, however, throughout the early stages of this litigation. ECF No. 17 at 3; ECF No. 33 at 12; ECF No. 38 at 7.

[5] This case was first assigned to Chief Judge Brimmer. ECF No. 73. It was reassigned to Judge Rodriguez on July 6, 2021. ECF No. 47. Finally, on August 1, 2022, it was reassigned again to this Court. Magistrate Judge Varholak, however, has been assigned to the case since its inception. ECF Nos. 2, 14.

as an employer under Title VII, *id.* at 16–17, but he determined that Plaintiff had not pleaded facts sufficient to state a plausible claim that he was employed by either Isle Group Ltd. or Isle Utilities Ltd. *Id.* at 17–20. This Court, after oral argument, affirmed and adopted the recommendation. ECF No. 89.

Plaintiff filed his operative Third Amended Complaint (TAC) on February 3, 2023. ECF No. 91. Plaintiff brings the same harassment, discrimination, and retaliation claims under Title VII and CADA. *Id.*, ¶¶ 84–105. Notably, in his TAC, Plaintiff only asserts these claims against Isle, Inc., and Isle Utilities Ltd. *Id.*, ¶¶ 2–3. Plaintiff alleges that he "was employed in the US by Isle, Inc. and Isle Utilities as his single employer." *Id.*, at ¶ 5. Plaintiff also alleges that "Isle, Inc. and Isle Utilities are both wholly-owned subsidiaries of Isle Group Ltd." *Id.*, at ¶ 33. In their Answer, filed on February 17, 2023, Isle, Inc. and Isle Utilities, Ltd. admit this last allegation. ECF No. 92 at 16.

On November 17, 2023, Plaintiff filed his Motion for Leave to Conform Plaintiff's Third Amended Complaint to the Evidence. ECF No. 110. Specifically, Plaintiff seeks to replace Defendant "Isle Utilities, Ltd. with Isle Group, Ltd. d/b/a Isle Utilities." *Id.* at 1. This Court referred that motion to Magistrate Judge Varholak for initial determination. ECF No. 111. After hearing oral arguments, Magistrate Judge Varholak issued a written recommendation to deny the motion. ECF No. 130.

### III. LEGAL STANDARD

#### A. Federal Rules of Civil Procedure 72(a) and 72(b)(3)

When a Magistrate Judge issues a recommendation on a non-dispositive matter, it will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a);

*Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Motions to amend generally are considered non-dispositive. *Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-CV-01827-REB-KLM, 2020 WL 9432879, at *1 (D. Colo. May 21, 2020). But where, as here, the Recommendation is to deny the motion for leave to amend the pleadings, courts have considered those recommendations dispositive. *Id.* (collecting case law). Therefore, the Court will treat the Recommendation to deny Plaintiff's motion for leave to conform as dispositive.

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.   Amended Pleadings Under Federal Rule of Civil Procedure 15(b)(2)**

Plaintiff relies on Federal Rule of Civil Procedure 15(b)(2) as authority for his requested relief. ECF No. 110 at 8. Rule 15(b) concerns "amendments during and after trial," and subsection 15(b)(2) concerns "issues tried by consent." In full, the rule provides that,

7

> [w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

"Rule 15(b)[(2)] applies *only* when the defendant has consented to trial of the non-pled factual issues[,] [and application of] Rule 15(b)(2) requires that a party expressly or impliedly consent to trial on an unpled claim and not be prejudiced by doing so." *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 983 (4th Cir. 2015) (quotation omitted). "Implied consent exists 'where the parties recognized that the issue entered the case at trial and acquiesced in the introduction of evidence on that issue without objection.'" *Acosta v. United States*, No. 15-CV-0530 SMV/KRS, 2017 WL 3701614, at *6 (D.N.M. Aug. 24, 2017) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 457 (10th Cir. 1982)). "A party impliedly consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence." *Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004).

    **C.   Amendment Under Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4)**

After a scheduling order deadline has elapsed, a party seeking leave to amend must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Rule 16(b)(4) allows modification of a scheduling order "only for good cause and with the judge's consent." "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation and quotations omitted). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd.*, 771 F.3d at 1240 (citation and quotations omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.*

Rule 15(a)(2) states that a court "should freely give leave [to amend a pleading] when justice so requires." The decision to grant or deny a plaintiff the opportunity to amend "is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denying leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, F.3d 1357, 1365 (10th Cir. 1993).

D.     **Amending Pleadings Under Federal Rule of Civil Procedure 15(c)**

Rule 15(c) sets forth when an amendment to a pleading relates back to the date of the original pleading. An amendment to a pleading relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C)(ii). The relevant inquiry is what the party to be added knew or should have known, not the party seeking to amend. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.").

## IV.  ANALYSIS

### A.  Federal Rule of Civil Procedure 15(b)(2)

Magistrate Judge Varholak determined that amendment under Rule 15(b)(2) is improper because Defendants did not consent to trying the issue Plaintiff seeks to amend: that Isle Group, Ltd. is liable as Plaintiff's employer. ECF No. 130 at 5–6. Relying on Tenth Circuit caselaw, Magistrate Judge Varholak set forth the two ways a defendant can impliedly consent to an unpleaded issue: "(1) introducing evidence on the issue or (2) failing to object when [the plaintiff] introduced such evidence." *Id.* at 5 (quoting *Eller v. Trans Union, LLC*, 739 F.3d 467, 480 (10th Cir. 2013)). He then rejected Plaintiff's argument that Defendants impliedly consented to trying the issue through written discovery and depositions. *Id.*; *see also* ECF No. 125 at 4 (Plaintiff arguing that "Defendants have consented to trying, through written discovery and depositions, the

10

issue of Isle Group, Ltd.'s role over Plaintiff's employment and the identity of the Isle organization as a whole, *Isle Utilities*, as Plaintiff's true employer").

Plaintiff's primary objection is that a plaintiff has the right to move to amend under Rule 15(b)(2) at any time, not just after trial. ECF No. 133 at 2–3. However, Magistrate Judge Varholak did not deny Plaintiff's motion because it was untimely[6]; he denied it because Plaintiff failed to satisfy Rule 15(b)(2)'s substantive standard. This objection, therefore, is without merit.

Plaintiff then takes issue with Magistrate Judge Varholak applying the Rule 15(b)(2) standard because, Plaintiff argues, he applied the two-part test in his Recommendation *sua sponte*. *Id.* at 4 (arguing that Magistrate Judge Varholak erred in "applying a two-part implied consent test not argued by either party"). It is true and surprising that neither party located the two-part implied consent test in their initial briefings. *See* ECF Nos. 110, 121, 125. But Rule 15(b)(2) was *the only* grounds for relief raised in Plaintiff's motion for leave to conform. ECF No. 110 at 1. The Court thus fails to see how it was an error for Magistrate Judge Varholak to apply the correct legal standards governing Rule 15(b)(2) when Plaintiff unmistakenly raised the issue in his motion. Relatedly, Plaintiff fails to provide any authority that it was reversable error for Magistrate Judge Varholak to apply Rule 15(b)(2)'s two-part implied-consent test even though Plaintiff relies solely on Rule 15(b)(2) in his motion.

---

[6] The Tenth Circuit has endorsed the use of Rule 15(b) at the summary judgment stage. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 n.18 (10th Cir. 2021).

Plaintiff goes on to argue that, "[w]hen Magistrate Varholak unilaterally raises this argument never advanced by Defendants (thus never allowing Plaintiff to respond), he makes no findings of fact that Plaintiff failed to satisfy either prong of the test he applies." ECF No. 133 at 4. Not so. Magistrate Judge Varholak expressly found that Defendants consistently objected to any claims against Isle Group, Ltd. ECF No. 130 at 6. The record supports this: each time Plaintiff filed a complaint against Isle Group, Ltd., Defendants moved to dismiss the Complaint. ECF Nos. 17, 33, 46, 70. Defendants clearly were not consenting to Isle Group, Ltd. being a party in the case and have maintained that Isle, Inc. is Plaintiff's only employer. Perhaps most critically with respect to the implied-consent test, Plaintiff does not argue that Magistrate Judge Varholak's application of the test was erroneous or contrary to law.[7]

Finally, Plaintiff takes issue with Magistrate Judge Varholak not making a specific finding of prejudice against Defendants. Plaintiff points to three Tenth Circuit cases in which the courts focus on the prejudice elements under Rule 15 generally.[8] In *Sinclair*

---

[7] Plaintiff appears to argue *in a footnote* that Defendants satisfied the implied-consent test by "introduc[ing] evidence through countless statements and misrepresentations about the interrelatedness of the Isle entities and actively engaged and participated in discovery and motions practice related to the issue of whether Isle Group, Ltd. d/b/a Isle Utilities was Plaintiff's employer." ECF No. 133 at 4 n.1. Plaintiff cites his TAC and Exhibit A to his motion to conform. *Id.* Exhibit A is a 79-page exhibit that Plaintiff characterizes as a "non-exhaustive list of Defendants' repeated misleading and contradictory statements regarding the Isle entities and the organizational structure of the whole." ECF No. 110 at 10. Again, Plaintiff provides no support that answering interrogatories and otherwise responding to mandatory discovery responses equates to "introducing evidence on the issue." Plaintiff also does not allege that Defendants failed to object to this discovery, even if they ultimately produced the documents or answered the written discovery. Indeed, a quick review of Defendants' discovery responses attached to Exhibit A (marked as Exhibit A-9 to Exhibit A) shows that Defendants lodged six general objections followed by specific objections to most, but not all, of the discovery requests. ECF No. 110-1 at 49–72.

[8] Plaintiff now cites *New Mexico v. Dep't of the Interior*, 854 F.3d 1207 (10th Cir. 2017); *Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006); and *Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747 (10th Cir. 2021). ECF No. 133 at 3–4. Of note, Plaintiff only cited to one of these cases (*Minter*) in his underlying motion to conform briefings. *See* ECF No. 125 (reply) at 7–8.

*Wyoming Ref. Co. v. A & B Builders, Ltd.*, the Tenth Circuit explained that, "when a district court decides whether to permit a pleading to be amended over an opposing party's objection *under Rule 15(b)(1)*, its inquiry also focuses mainly on prejudice." 989 F.3d 747, 777 (10th Cir. 2021) (emphasis added) (citing *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1232 (10th Cir. 2017) (finding that under "Rule 15(b)," if a party objects, "the court should liberally grant amendment unless the opposing party makes a sufficient showing of prejudice").

The Court, again, is not persuaded by Plaintiff's argument. To start, it appears that *Sinclair* attempted to clarify *New Mexico*'s conclusion that the prejudice element applies to Rule 15(b)(1), not Rule 15(b)(2)—the subsection Plaintiff's argues applies to his motion for leave. ECF No. 110 at 8. The text of Rule 15(b) bears this out. *Compare* Fed. R. Civ. P. 15(b)(1) (requiring the court to consider whether the evidence would prejudice the defendant), *with* Fed. R. Civ. P. 15(b)(2) (not containing an express prejudice requirement). Even if Magistrate Judge Varholak did not specifically make a finding of prejudice, the analysis was baked into his determination. ECF No. 130 at 11–13 (finding that Plaintiff's proposed amendments are "significant and substantive" and "replacing a defendant (who has answered, participated in discovery, and filed a dispositive motion) with a separate entity, [] would revert this matter back to the earliest stages of litigation"). This case was filed in 2020. No later than April 26, 2021, Plaintiff has been undeniably aware that Isle Group Ltd. is the parent company of Isle, Inc., and to the extent Plaintiff wanted to establish a single employer or joint enterprise theory, his work should have begun that day. *See* ECF No. 33 (Isle, Inc.'s motion to dismiss where Defendant states

13

that "Isle, Inc. is a subsidiary of Isle Group Ltd.").

In any event, the Court finds that Defendants would be prejudiced by Plaintiff's proposed amendment for the reasons stated in Defendants' opposition to Plaintiff's motion to conform. *See* ECF No. 121 at 7–8 (arguing that Defendants would be prejudiced by the proposed Fourth Amended Complaint because (1) Plaintiff has already had four opportunities to amend; (2) Defendants would have to answer Plaintiff's fifth complaint which "significantly alters the allegations previously pleaded"; (3) the current litigation timeline would be materially disrupted; and (4) "Defendants would be tasked with an extensive and costly reevaluation of case strategy, re-opening of discovery, briefing under Fed. R. Civ. P. 12(b)(6), re-briefing the summary judgment motion, and further delay in proceeding to trial").

In sum, upon de novo review, the Court agrees with Magistrate Judge Varholak that Plaintiff's motion to amend under Rule 15(b)(2) is improper.

### B.     Federal Rule of Civil Procedure 15(a)(2)

Plaintiff did not move for leave to amend specifically under Rule 15(a)(2), but Magistrate Judge Varholak nonetheless found that Plaintiff's basic argument was consistent with a Rule 15(a)(2) motion. ECF No. 130 at 6. Still, Magistrate Judge Varholak determined that Plaintiff's proposed amendment failed under both Rules 15(a) and 16(b)(4). *Id.* at 8–11. The Court agrees. *See Gorsuch, Ltd.*, 771 F.3d at 1240 (amendment after scheduling order deadline requires showing of good cause under Rule 16(b)(4) and satisfaction of Rule 15(a)).

### 1. Good Cause (Federal Rule of Civil Procedure 16(b)(4))

In his objection, Plaintiff argues that Rule 15(b) does not require a showing of good cause under Rule 16(b)(4). ECF No. 133 at 5. The weight of authority does not support Plaintiff's position. *See Overhead Sols., Inc. v. A1 Garage Door Serv.*, L.L.C., No. 119CV01741-PAB-NYW, 2021 WL 12092781, at *2 (D. Colo. Aug. 24, 2021) (finding that "motions to amend the scheduling order require compliance with not only Rule 15(b), but also Rule 16(b)"); *Alfwear, Inc. v. Kulkote, LLC*, No. 219CV00027DBBJCB, 2023 WL 8833513, at *6 (D. Utah Dec. 21, 2023) (collecting cases and holding that the plaintiff's attempted invocation of Rule 15(b) [does] not circumvent the requirements of Rule 15(a) and Rule 16(b) (citation and quotations omitted)); *Corona v. City of Clovis*, No. CV 17-805 JCH/CG, 2019 WL 1051018, at *2 (D.N.M. Mar. 5, 2019) ("[W]hen a movant seeks leave to amend after the court's scheduling order deadline has passed, Federal Rule 15(b) works in tandem with Federal Rule 16(b), requiring an additional showing of 'good cause' to modify the court's scheduling order."); *Williams v. Sears Holding Co.*, No. CV 06-PWG-455-M, 2007 WL 9717339, at *2 (N.D. Ala. June 15, 2007) ("The Rule 16 hurdle to an amendment must be surmounted antecedent to any Rule 15 prejudice analysis." (citing *Sosa v. Air Print Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998))). The Court follows this line of authority and holds that Plaintiff is required to show good cause to amend under Rule 15(b)(2).

Having concluded that Plaintiff is required to show good cause to amend, the Court agrees with Magistrate Judge Varholak that Plaintiff did not address Rule 16(b) at all in his motion to conform, which is "fatal" to Plaintiff's argument. *Hamric v. Wilderness*

*Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) ("[W]hen a party seeking to amend her complaint fails, after the deadline for amendment in a scheduling order, to present a good cause argument under Rule 16(b), a lower court does not abuse its discretion by denying leave to amend.").[9]

Plaintiff goes on to argue in his objection that good cause existed for his untimely amendment because of "Defendants' prior contradictory statements about the role and identify of Defendants and related entities." ECF No. 133 at 5. Magistrate Judge Varholak considered these inaccurate representations regarding Isle, Inc.'s parent company, but he gave them little weight because Defendants have consistently corrected this prior representation during this case. ECF No. 130 at 10 n.3 (citing ECF No. 17 at 3; ECF No. 33 at 12; ECF No. 92 at 16). Thus, any confusion caused by Defendants' prior misstatements had been resolved long before Plaintiff moved to amend for a fourth time. *Id.*[10]

Upon de novo review, the Court finds that Plaintiff has failed to establish good cause pursuant to Rule 16(b)(4) to amend the scheduling order's deadline for amending pleadings and adding parties.

---

[9] The Court acknowledges that Plaintiff makes a passing reference at the good cause standard *in his reply*, suggesting that the deadline to amend the scheduling order to join new parties and amend the pleadings was "moot because of Defendants' requested stay." ECF No. 125 at 3. But Magistrate Judge Varholak correctly noted Plaintiff's assertion was not supported by the record: the case was stayed on September 15, 2021— after the deadline to amend had already passed. ECF No. 130 at 6 n.1. And, when the case deadlines were reset on February 28, 2023, neither party sought to reset the deadline for joinder of parties and amendment of pleadings. *Id.*

[10] Here, and other places in his objection, Plaintiff merely cites Exhibit A to his motion to conform. *See, e.g.*, ECF No. 133 at 7 ("Magistrate Varholak also fails to address or attribute fault for Defendants' critical misstatements (ECF 110-1) . . . ."). A general citation to Exhibit A without any pincites is unhelpful. Exhibit A is a 79-page document, itself with 11 exhibits.

        2.     *Undue Delay (Federal Rule of Civil Procedure 15(a)(2))*

Like he did with Rule 16(b)(4), Plaintiff argues that it was clearly erroneous and contrary to law for Magistrate Judge Varholak to conclude that Plaintiff's amendment was unduly delayed because, according to Plaintiff, Rule 15(b) contains no such requirement. ECF No. 133 at 5. Because the Court, like several others, has already found that Plaintiff must satisfy the requirements of Rules 15(a) and 16(b) despite invoking Rule 15(b), Plaintiff's argument carries no weight.

In terms of Plaintiff's delay, Magistrate Judge Varholak found that the record clearly established that Plaintiff had all of the critical information to distinguish, identify, and name what he now deems to be the proper entity defendant in this matter well before Dr. Clark's deposition. ECF No. 130 at 10. Plaintiff argues that this finding was "simply false and belies reality." ECF No. 133 at 6. But the latest such purported inaccurate statement Plaintiff points to is Defendants' reply to one of its motion to dismiss. ECF No. 133 at 6 (citing ECF No. 80, which Defendants filed on July 6, 2022). Even assuming Defendants made inaccurate statements in that July 2022 filing, Defendants admitted in their Answer to the TAC that Defendants Isle, Inc. and Isle Utilities—the only two named Defendants in the operative TAC—are "both wholly-owned subsidiaries of Isle Group Ltd." ECF No. 92 at 16. Defendants answered on February 17, 2023—exactly nine months before Plaintiff moved to amend.[11] Plaintiff fails to address this fact in his objection or explain why he waited for nine more months to again move to amend. Thus, the purported new

---

[11] During the January 20, 2023 oral argument, Plaintiff's counsel acknowledged that Isle Utilities is a subsidiary of Isle Group Ltd.

information learned during Dr. Clark's testimony was not new information at all. Moreover, the alleged "new" information—which was not new—added little to the underlying story as to the corporate structure in this case.

The Court finds that Plaintiff's motion for leave is unduly delayed.

\* \* \*

To summarize, after a de novo review, the Court agrees with Magistrate Judge Varholak's initial determination that Plaintiff has failed to demonstrate (1) good cause to modify the scheduling order under Rule 16(b)(4), and (2) satisfaction of Rule 15(a).

### C.     Federal Rule of Civil Procedure 15(c)

In his motion for leave to conform reply brief, for the first time, Plaintiff argues that he should be allowed to amend under Rule 15(c) because his amendment is merely a "scrivener's error." ECF No. 125 at 4–5. Magistrate Judge Varholak correctly noted that he could have rejected this argument summarily. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). Still, Magistrate Judge Varholak considered the merits of Plaintiff's Rule 15(c) argument, finding that amendment under this rule is improper like the others. ECF No. 130 at 11–13. The Court agrees.

Rule 15(c) generally only permits a plaintiff to correct a formal pleading defect such as a misnomer or misidentification of a defendant. *See Krupski*, 560 U.S. at 541; *see also Bachor v. Board of Cnty. Comm'rs of La Plata Cnty.*, No. 21-CV-02276-LTB-NRN, 2023 WL 2824364 at \*3–4 (D. Colo. Mar. 15, 2023); Fed. R. Civ. P. 15 advisory committee's notes to 1991 amendment ("The rule has been revised to prevent parties against whom

claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense," and a "complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification"). However, Magistrate Judge Varholak concluded that Plaintiff's proposed amendments are significant and substantive—going far beyond simply correcting a misnomer or a technical error. ECF No. 130 at 12–13.

The Court has reviewed the proposed amended complaint and easily reaches the same conclusion. Plaintiff seeks to not only rename "Isle Group, Ltd. d/b/a Isle Utilities" as a defendant; he also seeks to include numerous new and substantive allegations. *See, e.g.*, ECF No. 110-4, ¶ 3 ("Isle Group, Ltd. d/b/a Isle Utilities consists of all of Isle Group, Ltd.'s eight wholly-owned globally located subsidiaries, including Isle, Inc., operating together as a single enterprise organization called Isle Utilities."); *id.*, ¶ 25 ("Every employee of all eight globally situated wholly-owned subsidiaries of Isle Group, Ltd., is an employee of Isle Group, Ltd. d/b/a Isle Utilities, because of their interrelated operations, shared management, shared ownership, and shared financial control."); *id.*, ¶ 34(e) ("Dr. Clark and Katherine Easter repeatedly suggested to Ms. Ahmadpour, as Plaintiff's line manager, that she should fire Mr. Farabaugh after his protected complaints of discrimination."); *id.*, ¶34(f) ("Katherine Easter reviewed Plaintiff's annual performance review and performance metrics before his line manager, Ms. Ahmadpour, provided them to Plaintiff."). The redlines alone added four pages to the relevantly short 20-page TAC. Plaintiff's silence on this issue in his objection speaks volumes.

Plaintiff's only real objection is that Defendants' misrepresentations mislead him into naming the incorrect Defendants. ECF No. 133 at 9–10. The Court has already explained why that justification is insufficient at this juncture.

Accordingly, following a de novo review, the Court agrees with Magistrate Judge Varholak that amendment under Rule 15(c) is improper.

## V.  CONCLUSION

The Court overrules Plaintiff's objections and AFFIRMS and ADOPTS Magistrate Judge Varholak's Recommendation, ECF No. 130, in its entirety as an order of this Court. Therefore, Plaintiff's Motion for Leave to Conform Plaintiff's Third Amended Complaint, ECF No. 110, is DENIED.

DATED this 29th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge