IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03644-CNS-STV

STEVEN FARABAUGH,

    Plaintiff,

v.

ISLE, INC.; and
ISLE UTILITIES, LTD.,

    Defendants.

## ORDER

Defendants Isle Inc.[1] and Isle Utilities Ltd. move for summary judgment on each of Plaintiff Steven Farabaugh's claims. ECF No. 115. As set forth below, the Court grants in part and denies in part Defendants' motion.

---

[1] In its pleadings, Isle Inc. does not include a comma in its name. Isle Inc. likewise does not include a comma in Isle Group Ltd.'s name. Where appropriate, the Court follows Isle Inc.'s lead on this nomenclature.

1

## I.  BACKGROUND

### A.  Factual Background[2]

Defendant Isle Inc. is a Delaware corporation, headquartered in Palo Alto, California. ECF No. 115, ¶ 2. Defendant Isle Utilities Ltd. is a foreign corporation based in the United Kingdom. ECF No. 115, ¶ 3. Both Isle Inc. and Isle Utilities Ltd. are subsidiaries of Isle Group Ltd.[3] *Id.*, ¶ 3. Defendants provide consultancy services to water utilities around the world. ECF No. 91, ¶ 12.

Plaintiff began working for Isle Inc. on March 29, 2017, as a consultant. *Id.*, ¶ 14; ECF No. 115, ¶ 1 ("Plaintiff is a former employee of Isle Inc."). He was a remote employee, performing most of his work for Isle Inc. from his home in Denver, Colorado. ECF No. 115, ¶ 21. Of relevance to his discrimination allegations, Plaintiff was born in the United States. *Id.*, ¶ 1. Isle Inc.'s president, Cristina Ahmadpour, hired Plaintiff and acted as his direct supervisor. *Id.*, ¶ 21. Ms. Ahmadpour was born in the United States and is based in California. *Id.*, ¶ 2.

---

[2] The following factual recitation is drawn from Defendants' motion for summary judgment, ECF No. 115, Plaintiff's response, ECF No. 141, Defendants' reply, ECF No. 148, and certain exhibits accompanying each. For purposes of the analysis below, the Court construes these facts in the light most favorable to Plaintiff, the non-moving party. *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 840 (10th Cir. 1997). However, Plaintiff expressly admitted to Defendants' Statement of Undisputed Material Facts ¶¶ 1–7, 9–11, 13–14, 21, 23-–4, 41, 43–44, and 46. ECF No. 141 at 2. Moreover, Plaintiff chose to not respond to Defendants' Statement of Undisputed Material Facts ¶¶ 32–33 and 37–39. *See* ECF No. 148 at 2 n.2. Those facts, therefore, are deemed undisputed. Fed. R. Civ. P. 56(e)(2); ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1250 (10th Cir. 2012) ("In a summary-judgment proceeding a party's assertion of undisputed facts is ordinarily credited by the court unless properly disputed by the opposing party."). Still, where appropriate, the Court conducted its own independent review of Defendants' citations to the record and found that the citations sufficiently support the facts asserted.

[3] Plaintiff named Isle Group Ltd. as a Defendant in his first and second amended complaints, but he dropped Isle Group Ltd. as a Defendant in his operative third amended complaint (TAC).

From October 9 to 11, 2018, Ms. Ahmadpour, Plaintiff, and other Isle Inc. employees attended a work retreat in Scotland hosted by the various Isle Group Ltd. "sister corporations." *Id.*, ¶ 32. During the retreat, Dr. Piers Clark, then CEO of Isle Group Ltd. and U.K. resident, and Plaintiff finished an optional group hike with other retreat attendees, where Plaintiff began discussing Isle Inc. matters, including criticizing Ms. Ahmadpour, her leadership, and her business decisions. *Id.*, ¶¶ 4, 34. Mr. Clark either called Plaintiff a "terrorist" or used the word to describe Plaintiff's conduct (presumably his criticism of Ms. Ahmadpour). *Id.*, ¶ 34. Plaintiff contends that the term was meant to disparage his Irish/Catholic ancestry, whereas Mr. Clark contends that he told Plaintiff that he did not want to see Plaintiff become "an internal terrorist," meaning someone who is needlessly disruptive to a particular organization. *Id.*, ¶ 34 n.16.

Next, after a retreat dinner while walking back to their lodge, Thomas Jacks, an Isle Utilities Ltd. employee and citizen of the U.K., "tackled" American Brittany Burch—an Isle Inc. employee—"who found the situation amusing." *Id.*, ¶ 37. Mr. Jacks then tackled Plaintiff. *Id.* In response, Plaintiff grabbed Mr. Jacks's coat, pushed him to the ground, told Mr. Jacks to stop, and walked away. *Id.* For the rest of the walk, Plaintiff alleges that Mr. Jacks made insulting comments and threats toward him, ECF No. 91, ¶ 45, but Plaintiff testified that he could not remember what those comments were, including whether any comments were directed toward his Irish/Catholic ancestry or his national origin, and no other witness recalled Mr. Jacks making such statements. ECF No. 115, ¶ 37 (citing ECF No. 115-1 at 79:13-80:6 ("I don't recall most of what [Mr. Jacks] said . . .

3

.")). Plaintiff alleges that these assaults and verbal remarks were directed only at the American employees. *See* ECF No. 91, ¶ 46.

Plaintiff complained to Ms. Ahmadpour immediately after the tackle event when the group reached their lodge. ECF No. 115, ¶ 38. The following morning, Mr. Clark spoke to Plaintiff after he discussed the incident with certain witnesses, including Ms. Ahmadpour and Ms. Burch of Isle Inc. *Id.* Plaintiff also spoke to Ms. Ahmadpour and Katherine Easter, a U.K.-based contracted HR professional hired to advise Isle Group Ltd. and its subsidiaries as needed, about the incident on the last day of the retreat. *Id.* Apparently, Ms. Easter and Ms. Ahmadpour used the term "cultural misunderstanding," without more, to describe the events, which Plaintiff interpreted as an issue of national origin. *Id.* The day after the retreat, Ms. Easter notified Plaintiff that she would conduct a formal independent investigation into the allegations. *Id.*, ¶ 40.

Ms. Easter interviewed several witnesses and investigated, among other things, whether (a) Mr. Jacks violently hit Plaintiff from behind; (b) Mr. Jacks threatened or insulted Plaintiff; and (c) Mr. Clark called Plaintiff a terrorist in front of other people on October 10, 2018, the second day of the retreat. *Id.*, ¶ 41. Ms. Easter sent Plaintiff her findings, which stated that she recommended that Mr. Jacks's conduct be addressed by his manager. *Id.*, ¶ 42. Plaintiff did not feel satisfied by the investigation because Mr. Jacks still received a promotion after he assaulted Plaintiff. ECF No. 142-1 at 87:3–88:5 (Plaintiff testified that he believed "the investigation was biased," and that Mr. Jacks's role changed in what he "interpreted to be a promotion").

4

After the retreat, Plaintiff submitted a victim incident statement, stating that he believed that Mr. Jacks may have been targeting "US employees." ECF No. 115, ¶ 40; ECF No. 115-32. Plaintiff complained nearly weekly to Ms. Ahmadpour about his stated physical pain from the tackle and the perceived lack of action or response by Isle Inc. relating to the retreat events. ECF No. 115, ¶ 43. Plaintiff filed a workers' compensation claim. *Id.* However, Plaintiff believed that he was able to perform his full job duties and never applied for short term disability or otherwise used PTO to recover from his alleged injuries. *Id.* Because Plaintiff chose not to take any PTO or other protected time away to treat his injuries, his performance metrics were not adjusted downward. *Id.*, ¶ 44.

Plaintiff received his annual performance review for the prior 2018 fiscal year on November 28, 2018, and, like in prior reviews, Plaintiff's two key areas for improvement were (1) meeting billable expectations and (2) communication problems. *Id.*, ¶ 45. Plaintiff contends that, because of his complaints about the retreat, the investigation, and his ongoing back pain, he had billable work taken away from him. *Id.*, ¶ 46; ECF No. 115-1 at 140:20–142:18. Defendants argue that there were legitimate reasons why Plaintiff was not assigned to these projects, including that Plaintiff objected to working with Mr. Jacks on projects. ECF No. 115, ¶ 47; *see also* ECF No. 91, ¶ 69 (alleging that "Mr. Farabaugh complained to Ms. Ahmadpour, telling her he did not feel it was fair for Isle, Inc. and Isle Utilities to expect him to continue working with Mr. Jacks after what had transpired at the Retreat").

On July 8, 2019, Ms. Ahmadpour terminated Plaintiff. ECF No. 115, ¶ 51. Defendants state that the termination was for "performance and communication issues."

*Id.* Plaintiff contends that Ms. Ahmadpour terminated him because he was unable to "get past" the events that occurred at the retreat, and because he continued to report his injury on a monthly basis. ECF No. 141, ¶ 21. Plaintiff filed his EEOC Charge of Discrimination on August 14, 2018, alleging discrimination based on national origin and retaliation, claiming his national origin as "USA." ECF No. 115, ¶ 52. In his EEOC pre-charge inquiry, he listed Isle Inc. as his employer. *Id.*, ¶ 53.

### B. Procedural Background

This case is nearly four years old. On December 11, 2020, Plaintiff filed his initial Complaint against Isle, Inc.; Isle Group; Isle Group, UK; and Isle Utilities. ECF No. 1 at 1. He alleged that these Defendants engaged in harassment, discrimination, and retaliation in violation of both federal and Colorado state law. *Id.*, ¶¶ 64–83.

Defendant Isle Inc. filed a motion to dismiss Plaintiff's Title VII claims for lack of subject matter jurisdiction, failure to exhaust administrative remedies, and failure to state a claim. ECF No. 17. Instead of responding to the motion to dismiss, Plaintiff sought to amend his Complaint to cure the deficiencies identified in the motion to dismiss. ECF No. 18. The Court granted that request, and Plaintiff filed his first amended complaint (FAC) on March 25, 2021. ECF No. 24.

In his FAC, Plaintiff alleged the same claims for relief, but this time, Plaintiff named Isle, Inc., Isle Group Ltd., Isle Group, UK,[4] and Isle Utilities Ltd. as Defendants. *Id.*, ¶¶ 2–

---

[4] That Plaintiff named Isle Group, UK was understandable given the employer's responses to Plaintiff's EEOC charge, which stated that Isle Group, UK was Isle Inc.'s parent company. ECF No. 17-1 at 1 n.1. That representation was subsequently and repeatedly corrected by Defendants, however, throughout the early stages of this litigation. ECF No. 17 at 3; ECF No. 33 at 12; ECF No. 38 at 7.

3. Isle Inc. again moved to the dismiss the Title VII claims for the same reasons. ECF No. 33. Isle Group Ltd. and Isle Utilities, Ltd. likewise moved to dismiss the Title VII and Colorado Anti-Discrimination Act (CADA) claims for failure to exhaust administrative remedies and failure to state a claim. ECF No. 46. Plaintiff voluntarily dismissed the fourth Defendant, Isle Group, UK. ECF No. 41. Judge Rodriguez granted Defendants' motions to dismiss with leave to amend. ECF No. 66.[5]

Plaintiff then filed his Second Amended Complaint (SAC), alleging the same claims for relief against Isle, Inc., Isle Group Ltd., and Isle Utilities Ltd. ECF No. 68. All three Defendants filed a single motion to dismiss the SAC for lack of subject matter jurisdiction and failure to state a claim. ECF No. 70. Upon referral from Judge Rodriguez, Magistrate Judge Varholak recommended granting the motion to dismiss in part. ECF No. 82. Magistrate Judge Varholak found that Plaintiff had plausibly alleged that Isle Inc. qualified as an employer under Title VII, *id.* at 16–17, but he determined that Plaintiff had not pleaded facts sufficient to state a plausible claim that he was employed by either Isle Group Ltd. or Isle Utilities Ltd. *Id.* at 17–20. This Court, after oral argument, affirmed and adopted the recommendation. ECF No. 89.

Plaintiff filed his operative third amended complaint (TAC) on February 3, 2023. ECF No. 91. Plaintiff brought the same harassment, discrimination, and retaliation claims under Title VII and CADA. *Id.*, ¶¶ 84–105. Notably, in his TAC, Plaintiff only asserts these claims against Isle Inc. and Isle Utilities Ltd. *Id.*, ¶¶ 2–3. Plaintiff alleges that he "was

---

[5] This case was first assigned to Chief Judge Brimmer. ECF No. 73. It was reassigned to Judge Rodriguez on July 6, 2021. ECF No. 47. Finally, on August 1, 2022, it was reassigned again to this Court. Magistrate Judge Varholak, however, has been assigned to the case since its inception. ECF Nos. 2, 14.

employed in the US by Isle, Inc. and Isle Utilities as his single employer." *Id.*, at ¶ 5. Plaintiff also alleges that "Isle, Inc. and Isle Utilities are both wholly-owned subsidiaries of Isle Group Ltd." *Id.*, at ¶ 33. In their Answer, filed on February 17, 2023, Isle Inc. and Isle Utilities, Ltd. admit this last allegation. ECF No. 92 at 16.

On November 17, 2023, Plaintiff filed a Motion for Leave to Conform Plaintiff's Third Amended Complaint to the Evidence. ECF No. 110. Specifically, Plaintiff sought to replace Defendant "Isle Utilities, Ltd. with Isle Group, Ltd. d/b/a Isle Utilities," because, according to Plaintiff, his "employer, and therefore the proper Defendant in this case, is not Isle Utilities, Ltd., but *Isle Group, Ltd., d/b/a Isle Utilities*, which consists of all eight of Isle Group, Ltd.'s wholly-owned subsidiaries together as the singe enterprise called Isle Utilities." *Id.* at 1, 8. This Court referred that motion to Magistrate Judge Varholak for initial determination. ECF No. 111. After hearing oral arguments, Magistrate Judge Varholak issued a written recommendation to deny the motion. ECF No. 130.

Plaintiff objected to Magistrate Judge Varholak's recommendation on several grounds, but this Court overruled those objections and affirmed the recommendation. ECF No. 146. At the highest level, the Court found that Plaintiff failed to show good cause was warranted to permit him to amend his complaint for a fourth time. Isle Group Ltd., therefore, is not a party to this lawsuit.

## II. LEGAL STANDARD

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

8

judgment as a matter of law." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotations and citation omitted); Fed. R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## III.  ANALYSIS

### A.  Defendant Isle Utilities Ltd.

Defendants first argue that summary judgment in favor of Isle Utilities Ltd. is warranted because Isle Utilities Ltd. did not employ Plaintiff. ECF No. 115 at 15–18. Plaintiff argues in response that "Isle Utilities"—not Isle Utilities Ltd.—is a global organization with teams all over the world, and he argues that he works for one of those teams: Isle Inc. ECF No. 141 at 19. Plaintiff's argument must be rejected.

On the first page of Plaintiff's response, he admits that he filed suit against the wrong Defendant:

> "Ltd." after Isle Utilities was a scriveners error based on misrepresentations by Defendants. The entity intended to be sued by Plaintiff as his true employer is Isle Utilities, which is the entity legally registered as Isle Group, Ltd. doing business as "Isle Utilities" which includes all eight wholly-owned subsidiaries together, as Plaintiff's employer. *See* ECF 110;

9

> ECF 125; ECF 133. Isle Utilities refers to the global organization and the trade name used by Isle Group, Ltd. in all of its representations to employees, staff, clients, and consumers. Isle Utilities and Isle Utilities, Ltd. had the same registered business address and same registered agent.

ECF No. 141 at 1 n.1. This admission is problematic for at least three reasons. First, Plaintiff filed this lawsuit nearly four years ago. *See* ECF No. 1. Plaintiff should have discovered the correct Defendants to name during the course of litigation.[6] By his own admission, he failed to do so.

Second, Plaintiff's attempt to amend his TAC through his summary judgment response is improper. He already moved to amend his complaint for a fourth time to replace Isle Utilities Ltd. with Isle Group Ltd. *See* ECF No. 110. Magistrate Judge Varholak recommended denying that request, ECF No. 130, and this Court agreed, ECF No. 146. Plaintiff's attempt to substitute Defendants in his response is merely a second bite at the apple to conform his TAC.[7]

Third, to the extent that Plaintiff intends to name "Isle Utilities," such entity would be an improper Defendant because he admits that Isle Utilities is a merely "trade name." ECF No. 141 at 1 n.1. A trade name, however, is not subject to suit. *See Herman v. PBIA & Co.*, No. 19-CV-00584-RMR-GPG, 2023 WL 2824318, at *2 (D. Colo. Jan. 23, 2023) (finding that a registered trade name "is not a separate legal entity but rather is more

---

[6] Plaintiff continues to blame Defendants for various misrepresentations that he claims prevented him from suing his "true employer, Isle Group, Ltd. d/b/a Isle Utilities." ECF No. 133 (Objection to Magistrate Judge Recommendation). But as the Court has previously held, Plaintiff had the correct information to name Isle Group Ltd. as a Defendant by July 6, 2022, at the latest. ECF No. 146 at 17.

[7] Plaintiff filed his response one month after Magistrate Judge Varholak recommended denying his motion to conform.

properly characterized as an alias"); *Nasuti v. Whole Foods Mkt.*, No. 19-CV-00509-RM-KMT, 2019 WL 1468395, at *3 n.7 (D. Colo. Apr. 3) ("[A] trade name is not subject to suit."), *aff'd*, 783 F. App'x 797 (10th Cir. 2019); *Steven Blanco, Sr. v. HCA-healthone, LLC*, No. 19-CV-00928-PAB-SKC, 2020 WL 5760452, at *1 (D. Colo. Sept. 28, 2020) ("[G]enerally speaking, use of a trade name does not create a distinct legal entity that can be sued.").

Because Plaintiff admits that he incorrectly named Isle Utilities Ltd. as a Defendant, the Court grants summary judgment in Isle Utilities Ltd.'s favor on both the Title VII and CADA claims.

### B.     Defendant Isle Inc.

Defendants argue that Isle Inc. never employed 15 or more employees during Plaintiff's employment, and thus, Plaintiff cannot prevail on his Title VII claims. ECF No. 115 at 18–19. To make out a prima facie case of discrimination or retaliation under Title VII, "a plaintiff must first prove the defendant was [his] employer." *Knitter v. Corvias Mil. Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014) (citing *Lockard v. Pizza Hut, Inc.,* 162 F.3d 1062, 1069 (10th Cir. 1998)). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b).

Having reviewed the competent evidence submitted with the parties' briefs, the Court finds that Isle Inc. never employed 15 or more employees during Plaintiff's employment. Defendants support their argument that Isle Inc. never had 15 or more employees with several pieces of evidence. They first cite to Plaintiff's deposition

testimony, where he could only name six other employees plus one or two other unnamed individuals. *See* ECF No. 115-1 at 162:24–165:18 (admitting that he did not know if there were more than nine employees). Plaintiff's inability to name or identify more than nine employees typically would be insufficient to find that Isle Inc. unequivocally did not employ more than 15 employees. But here, the competent evidence conclusively bears this out. Defendants provided the payroll registers for each year Plaintiff worked for Isle Inc., and at no time did Isle Inc. employee more than 10 employees.[8] And Ms. Ahmadpour, Isle Inc.'s president, confirmed this in her deposition. ECF No. 115-2 at 246:8–13 ("Q. [A]t any time since you have been in your current role, has Isle, Inc. employed more than 10 employees? A. No. Q. Have they employed 15 employees? A. No."). The Court therefore finds that Isle Inc. alone does not qualify as an employer under Title VII.

In response to Defendants' argument and the competent evidence, Plaintiff takes a shotgun approach in his attempt to show that his employer employed at least 15 employees. ECF No. 141 at 19–22. He first argues that, together with TriNet, "Isle, Inc. had 19 employees at the time *Plaintiff was co-employed by TriNet and Isle, Inc.*" ECF No. 141 at 16 (emphasis added).[9] This Hail Mary by Plaintiff does not create a genuine fact dispute. The evidence shows that TriNet is nothing more than a "service or mechanism" used by small companies like Isle Inc. to facilitate payroll. ECF No. 115-2 at 243:10–245:8 (Ms. Ahmadpour testified that "TriNet is a service provider that works with small

---

[8] Defendants state that the 2017 Payroll Register (Exhibit L) listed seven employees; the 2018 Payroll Register (Exhibit M) listed the same; and the 2019 Payroll Register (Exhibit N) listed 10 employees on Isle Inc.'s payroll. ECF No. 115 at 6, ¶ 19. Plaintiff does not dispute these payroll figures in his response.
[9] Plaintiff specifically argues that "Isle, Inc. meets the fifteen-person threshold as an employer because 'TriNet, refers to people who are co-employed by TriNet and a TriNet client as 'worksite employees . . . [and] are affiliated with TriNet through a co-employer relationship." ECF No. 141 at 16.

companies that don't have the resources to procure insurances and benefits like a 401(k) and HR service . . . . So the contract is that we have access to some of that at a lower cost. And as a PEO they are able to work with a lot of small companies like Isle, Inc."). Plaintiff acknowledges as much in his TAC: "Defendants utilized a third-party to administer human resources ('HR') operations for US-based employees. The third-party administrator, TriNet, maintained a website for US-based employees to access benefits information and other HR resources." ECF No. 91, ¶ 17. Plaintiff did not assert the theory in his TAC that he was "co-employed by TriNet and Isle Inc.," instead waiting until his summary judgment response. This litigation strategy is improper. *Williams v. County of Bernalillo*, 2008 WL 11451253, at *3 (D. N.M. Sept. 19, 2008) (it is unfairly prejudicial to defendants when a plaintiff alleges new facts and new theories not alleged in the complaint in response to a motion for summary judgment); *see also Streit v. Bushnell*, 424 F. Supp. 2d 633, 639 (S.D.N.Y. 2006) ("A complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss or for summary judgment.").

Plaintiff goes on to make three (apparently) separate but related brief arguments: that Isle Utilities is Plaintiff's employer; Isle Utilities is an integrated enterprise with Isle Inc.; and Isle Utilities' 80 other employees should be counted toward Isle Inc.'s employee count. ECF No. 141 at 19–21. The Court does not find these arguments persuasive.

Plaintiff's first argument is yet another example of him moving the goalpost. On several occasions, even after the close of discovery, Plaintiff has taken the position that his true employer is Isle Group Ltd. *See* ECF No. 133 at 2 ("Denial of Plaintiff's Motion is

dispositive because it precludes Plaintiff's claims against his true employer, Isle Group, Ltd. d/b/a Isle Utilities, entirely."). Plaintiff's admission shows the fault in his argument: that Isle Utilities—purportedly the named Defendant—is Plaintiff's employer. *See* ECF No. 141 at 19 (arguing that "Isle Utilities is Plaintiff's employer").

As to Plaintiff's second and third arguments, he has offered little to no evidence about any of the other seven subsidiaries of Isle Group Ltd. He argues that Isle Inc. and non-party Isle Group Ltd. share common management, centralized control of labor, and common financial control. But even crediting Isle Group Ltd.'s employees, Plaintiff only identifies at most three such employees: Mr. Clark, Isle Group Ltd.'s CEO; Ryan Evans, Isle Group Ltd.'s CFO; and Ms. Easter of Pension Protection Fund, an HR "contractor" for Isle Group Ltd. and its subsidiaries. ECF No. 115 at 3, ¶¶ 4–6. Even if the Court were inclined to aggregate these three employees of Isle Group Ltd. with the (at most) 10 employees of Isle Inc., Plaintiff still cannot show that these two entities employed the statutory minimum 15 employees to be considered an employer under Title VII.

Because Plaintiff cannot identify any competent evidence that his employer employed 15 or more employees, he cannot prevail on his Title VII claims. Summary judgment is thus warranted on the federal claims.

### C. State Law Claims

Having granted summary judgment on Plaintiff's Title VII claims, the Court normally would decline to exercise jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). But in this case, the Court elects to exercise of supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (the exercise

of supplemental jurisdiction is discretionary). "In exercising this discretion, federal courts should consider comity, convenience, economy, and fairness." *Birdwell v. Glanz*, 790 F. App'x 962, 964 (10th Cir. 2020). Here, Plaintiff's claims do not present "novel" state law issues more suitable for state court determination. *Merrifield v. Board of Cnty. Comm'rs*, 654 F.3d 1073, 1085 (10th Cir. 2011). And because the Court has spent four years untangling the facts of this case and the entities involved, the Court finds that it would be more convenient and economical to maintain supplemental jurisdiction. Finally, Plaintiff expressly argued that the Court should exercise supplemental jurisdiction in the event the Court grants summary judgment on his Title VII claims, ECF No. 141 at 22 n.4, whereas Defendants chose not to respond to that argument. For these reasons, the Court will exercise of supplemental jurisdiction over Plaintiff's CADA claims.[10]

Turning to the merits of his CADA claims, Defendants argue that Plaintiff has no evidence that Isle Inc. harassed, discriminated, or retaliated against him because he is American. ECF No. 115 at 21–30.[11] On this argument, the Court disagrees with Defendants. Although the Court has doubts that Plaintiff can prove that Isle Inc. discriminated or retaliated against him on the basis of his status as an American, the Court cannot say that the facts are "so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. At the summary judgment stage, the factual record and reasonable inferences must be construed in the light most favorable to the

---

[10] Plaintiff brought two claims under CADA: a "harassment and discrimination" claim (Count I), and a retaliation claim (Count II). ECF No. 91, ¶¶ 84–105.
[11] CADA defines "employer" as every person employing persons with the state of Colorado. Colo. Rev. Stat. § 24-34-401(3). Unlike Title VII, it does not apply to only those employers employing 15 or more employees.

nonmoving party. *Self*, 439 F.3d at 1230. And here, Plaintiff has set forth specific facts that he argues show that Isle Inc. violated his rights under CADA:

- Plaintiff testified that his U.K.-born coworkers discriminated against him and other U.S.-based workers because they were American, ECF No. 142-1 at 83:1–20;

- Plaintiff testified that Mr. Clark called him a "terrorist" during the retreat because of his ancestry, *id.* at 66:19–23;

- He testified that Mr. Jacks assaulted him and another American by bringing him and the other American to the ground from behind after a retreat dinner; *id.* at 76:18–79:2, 82:17–24;

- He argues that, following Plaintiff's protected complaints, Ms. Ahmadpour and Ms. Easter exchanged text messages where they discussed "taking his work away without replacing it" as retaliation, ECF No. 141 at 28 (citing ECF No. 142-13 at 37);

- Plaintiff testified that Ms. Ahmadpour and Ms. Easter gave him a poor performance review following his complaints, *see* ECF 115-39 (Annual Performance Reviewed dated November 25, 2018, approximately six weeks after retreat); and

- He testified that Defendants conspired to create "cause" for his termination, stating that Ms. Ahmadpour told him that "the decision had been made to terminate his employment because he was not able to 'get past' the events that occurred at the retreat, and because he continued to report his injury on a monthly basis." ECF No. 41, ¶ 21; *see generally* ECF No. 142-1 at 144:21–145:24; ECF No. 142-2 at 225:12–226:5.

In sum, the Court cannot say that there is no genuine issue as to any material fact. Summary judgment therefore is not warranted on Plaintiff's CADA claims.[12]

---

[12] The Court reminds Plaintiff that he may not inject new facts or allegations at trial that he never raised in his TAC. Specifically, Plaintiff may not include the purported "new" facts that he sought to allege in his fourth amended complaint. *See* ECF No. 146 at 19 (order summarizing Plaintiff's numerous new and substantive allegations he sought to add to his TAC). The Court already denied Plaintiff's untimely attempt to amend for a fourth time. *See id.* at 20.

## IV.  CONCLUSION

Consistent with the above analysis, the Court ORDERS the following:

- Defendants Isle Inc. and Isle Utilities Ltd.'s motion for summary judgment, ECF No. 115, is granted in part and denied in part;

- Summary judgment on each of Plaintiff's claims is granted in favor of Defendant Isle Utilities Ltd.;

- Summary judgment on Plaintiff's Title VII claims is granted in favor of Defendant Isle Inc.;

- Plaintiff's CADA claims against Defendant Isle Inc. will remain; and

- The parties shall jointly contact Chambers at Sweeney_Chambers@cod.uscourts.gov within one week of this order to schedule the Final Pretrial Conference.

DATED this 25th day of September 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge